IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

MELISSA GAMBOA on her own behalf
and on behalf of all others similarly situated,

      Plaintiff,

v.

KISS NUTRACEUTICALS,
KISS INDUSTRIES, LLC,
COLE EVANS and
GRANT DEAN,

      Defendants.

_____

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**
_____

Plaintiff, by and through undersigned counsel, files this Class and Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

**STATEMENT OF THE CASE**

1. Defendants employed Plaintiff and those similarly situated in Defendants' CBD product manufacturing business.

2. Defendants refused to pay their employees overtime premiums for overtime hours worked.

3. Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

4. Defendants also violated the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Order

("COMPS"), 7 C.C.R. 1103-1, because the COMPS requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek, one-and-one-half times each employee's regular rate for each hour worked beyond twelve each workday.

5. Defendants also violated the Denver Minimum Wage Ordinance ("DMWO"), D.R.M.C. Ch. 58, § 58-16, *et seq.*, because the DMWO requires employers to pay their workers overtime rates for overtime hours worked.

6. Defendants also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101, *et seq.*, which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship and imposes penalties on employers who do not tender wages due upon receipt of a written demand for such wages.

7. Plaintiff seeks, on her own behalf and on behalf of all others similarly situated, actual and liquidated damages, penalties, pre- and post-judgment interest, and attorney fees and costs resulting from Defendants' willful violations of state and federal wage law.

## PARTIES, JURISDICTION, AND VENUE

8. Plaintiff Melissa Gamboa was employed by Defendants from approximately February 18, 2020 through approximately April 1, 2022. Plaintiff Gamboa's signed FLSA Consent to Sue Form is attached hereto as Exhibit 1.

9. Kiss Nutraceuticals is a registered Colorado limited liability company with a principal street address of 4969 North Colorado Boulevard, Denver, Colorado, 80216.

10. Kiss Industries, LLC is a registered Colorado limited liability company with a principal street address of 3222 East 1st Ave., #329, Denver, Colorado, 80206.

11. Defendant Cole Evans is an owner and manager of the Kiss Nutraceuticals enterprise.

12.     Defendant Grant Dean is an owner and manager of the Kiss Nutraceuticals enterprise.

13.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. § 201 *et seq.*

14.     Plaintiff requests that this Court exercise supplemental jurisdiction over her claims arising under the COMPS, the DMWO and the CWCA per 28 U.S.C. § 1367.

15.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

16.     Plaintiff and those similarly situated were employed as hourly workers in Defendants' CBD product manufacturing plant.

17.     Though Plaintiff and those similarly situated regularly worked more than 40 hours each workweek, and sometimes more than 12 hours per day, Defendants refused to pay them overtime wages for overtime hours worked.

18.     For example, Plaintiff Gamboa worked approximately 53.17 hours during the one-week pay period running from April 5, 2021 through April 11, 2021. During the one-week pay period running from May 24, 2021 through May 30, 2021, Plaintiff Gamboa worked approximately 56.42 hours. Defendants refused to pay Plaintiff overtime premiums for the hours she worked beyond 40 each workweek and 12 each workday during these and all other pay periods during her tenure of employment.

19.     Defendants subjected all their hourly employees to the same policy and practice of failing to pay overtime wages for overtime hours worked.

20.     Defendants paid Plaintiff and others for their work via non-payroll checks in order to obscure the fact that they were refusing to pay their employees overtime wages.

21. Defendants' willfully violated federal, state and local wage laws.

22. Each year relevant to this action, Plaintiff and other employees handled CBD materials, packaging materials, food product ingredients, skin care product ingredients, cleaning materials, and other materials which moved in interstate commerce.

23. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

24. Defendant Cole Evans, at all material times, exercised operational control and financial control over the Kiss Nutraceuticals enterprise and exercised control over his employees' terms and conditions of employment. For example, Defendant Evans made decisions regarding when his employees would be required to work overtime hours over weekends and when they would work overtime shifts to meet the enterprise's needs. Defendant Evans made important financial decisions regarding the enterprise, controlled his employees' rates of pay, and made the decision to deny his employees overtime pay for overtime hours worked.

25. Defendant Grant Dean, at all material times, exercised operational control and financial control over the Kiss Nutraceuticals enterprise and exercised control over his employees' terms and conditions of employment. For example, Defendant Dean directed employees as to their job duties, made decisions as to the hours his employees would be required to work, participated in important financial decisions regarding the enterprise, controlled his employees' rates of pay, and participated in the decision to deny his employees overtime pay for overtime hours worked.

26. Plaintiff hereby demands, on her own behalf and on behalf of all others similarly situated who have been separated from employment with Defendants, payment in an amount equal to all earned but unpaid wages due plus liquidated damages. Such payment should be made

in care of undersigned counsel at the listed address.

### § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FIRST CLAIM

27. Plaintiff brings her FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the "FLSA Collective" as encompassing:

> All hourly employees who worked on or after May 9, 2019 who were not paid overtime wages for overtime hours worked.

28. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

29. All potential collective action Members are similarly situated because they worked for Defendants and were subject to Defendants' common policy of avoiding overtime wage payments.

### RULE 23 CLASS ALLEGATIONS AS TO THE SECOND CLAIM

30. Plaintiff asserts her Second Claim, brought under the COMPS, as a Fed. R. Civ. P. 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

31. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "COMPS Class" as follows:

> All hourly employees who worked on or after May 9, 2016 who were not paid overtime wages for overtime hours worked.

32. This action is properly brought as a class action for the following reasons.

33. Defendants failed to pay their hourly employees overtime wages for overtime hours worked.

34. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 200-300 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

35. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay their hourly employees overtime wages for overtime hours worked.

36. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay overtime. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claims. If Defendants' policy of failing to pay overtime was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

38. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not

antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

39. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

40. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

41. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the COMPS counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

42. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

43. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

44. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

45. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

46.     The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

### RULE 23 CLASS ALLEGATIONS AS TO THE THIRD CLAIM

47.     Plaintiff asserts her Third Claim, brought under the DMWO, as a Fed. R. Civ. P. 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

48.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "DMWO Class" as follows:

> All hourly employees who worked on or after May 9, 2019 who were not paid overtime wages for overtime hours worked.

49.     This action is properly brought as a class action for the following reasons.

50.     Defendants failed to pay their hourly employees overtime wages for overtime hours worked.

51.     The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 150-300 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

52.     Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay their hourly employees overtime wages for overtime hours worked.

53. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay overtime. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claims. If Defendants' policy of failing to pay overtime was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

54. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

55. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

56. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

57. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

58. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad

remedial purposes of the DMWO counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

59. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

60. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

61. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

62. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

63. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## **RULE 23 CLASS ALLEGATIONS AS TO THE FOURTH CLAIM**

64. Plaintiff asserts her Fourth Claim, brought under the CWCA, as a Fed. R. Civ. P. 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

65. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "CWCA Class" as follows:

> All separated employees who worked on or after May 9, 2019 who were not paid all earned, vested and determinable wages upon separation.

66. This action is properly brought as a class action for the following reasons.

67. Defendants failed to pay all their separated hourly employees all earned, vested and determinable wages upon their separation.

68. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 50-90 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

69. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay their separated employees all earned, vested and determinable wages upon their separation from employment, whether Defendants received a written demand for wages due to all separated employees, and whether Defendants tendered any monies in response to that demand.

70. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay all earned, vested and determinable wages due upon employees' separation from employment. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claims. If Defendants' policy of failing to pay all wages due was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

71. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

72. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

73. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

74. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

75. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purpose of the CWCA counsels toward vindicating the rights of those employees with small claims as part of the larger Class.

76. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

77. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

78. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

79. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

80. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

### FIRST CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

81. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

82. Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

83. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

84. Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

85. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

86. Defendants violated the FLSA when they refused to pay Plaintiff and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

87. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

88. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

13

89. Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

### SECOND CLAIM – Failure to Pay Overtime Premiums
### Violation of the COMPS, 7 CCR 1103-1

90. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

91. Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated. Fed. R. Civ. P. 23.

92. Defendants were Plaintiff's and others' "employer" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

93. Plaintiff and others were Defendants' "employees" as that term is defined by the COMPS because they performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

94. Defendants engage in a Food and Beverage enterprise that prepares and offers for sale, food and beverages for consumption either on or off the premises and is thus covered by the pre-COMPS Colorado Minimum Wage Orders ("MWOs"). 7 CCR 1103-1(2)(A).

95. Defendants violated the COMPS (and the MWOs) when they refused to pay Plaintiff and others overtime wages for all hours worked beyond forty each workweek and for all hours worked beyond twelve each workday. 7 CCR 1103-1(4.1.1).

96. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

97. Plaintiff and others are entitled to recover unpaid wages, attorney fees and costs of the suit. C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

### THIRD CLAIM – Failure to Pay Overtime Premiums
### Violation of the DMWO (DMRC, Chapter 58, Art. II, Sec. 58-16, *et seq*.)

98. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

99. Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated. Fed. R. Civ. P. 23.

100. Defendants were Plaintiff's and others' "employers" as that term is defined by the DMWO because they acted directly or indirectly in the interests of any employer in relation to Plaintiff and others. D.R.M.C. Ch. 58, Art. II, Sec. 58-18(e).

101. Plaintiff and others were "workers" as that term is defined by the DMWO because they performed work on behalf of or for the benefit of Defendants. D.R.M.C. Ch. 58, Art. II, Sec. 58-18(e).

102. The Defendants "employed" the Plaintiff and others as that term is defined by the DMWO because they suffered or permitted her and others to work. D.R.M.C. Ch. 58, Art. II, Sec. 58-18(e).

103. Plaintiff and others performed all their work for Defendants within the City of Denver.

104. Defendants violated the DMWO when they refused to pay Plaintiff and others overtime wages for all hours worked beyond forty each workweek and for all hours worked beyond twelve each workday.

105. Plaintiff and others are entitled to recover their unpaid overtime wages, interest at a rate of twelve (12) percent per annum from the date such wages were first due, an additional sum as a penalty in the amount of $100 for each day that the violation occurred or continued, and liquidated damages in an amount equal to three times the amount of unpaid overtime compensation. D.R.M.C. Ch. 58, Art. II, Sec. 58-16(j).

106. Plaintiff and others are entitled to an award of reasonable attorney fees and costs. D.R.M.C. Ch. 58, Art. II, Sec. 58-16(j).

### FOURTH CLAIM – Failure to Pay All Earned, Vested and Determinable Wages
### Violation of the CWCA (C.R.S. § 8-4-101, *et seq.*)

107. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

108. Defendants were Plaintiff's and others' "employers" as that term is defined by the CWCA because they employed Plaintiff and others in Colorado. C.R.S. § 8-4-101(6).

109. Plaintiff and others were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants. C.R.S. § 8-4-101(5).

110. Defendants violated the CWCA when they failed to pay Plaintiff and those similarly situated all earned, vested and determinable wages upon separation from employment. C.R.S. § 8-4-109.

111. Defendants incurred penalties under the CWCA if they failed to tender wages due within 14 days of receipt of Plaintiff's demand for all wages due to her and to those similarly situated. C.R.S. § 8-4-109.

112. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

113. Plaintiff and others are entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

**WHEREFORE**, Plaintiff prays, as to her FIRST CLAIM, that:

    a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential members of the collective;

    b. She and the FLSA Collective members be awarded unpaid overtime premiums;

    c. She and the FLSA Collective members be awarded liquidated damages as required by law;

    d. She and the FLSA Collective members be awarded pre-judgment and post-judgment interest as permitted by law;

    e. She and the FLSA Collective members be awarded costs and attorney fees; and

    f. She and the FLSA Collective members be awarded such other and further relief as may be necessary and appropriate.

And, as to her SECOND CLAIM, that:

    a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

    b. She be certified as the class representative of the COMPS Class;

    c. Undersigned counsel be appointed Rule 23 class counsel;

    d. Prompt notice of this litigation be sent to all putative COMPS Class members;

    e. She and the COMPS Class be awarded the wages they are due, together with attorney fees and costs of suit;

    f. She be awarded a service award in recognition of her work as representative of the COMPS Class; and

    g. She and the COMPS Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her THIRD CLAIM, that:

    a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

    b. She be certified as the class representative of the DMWO Class;

    c. Undersigned counsel be appointed Rule 23 class counsel;

    d. Prompt notice of this litigation be sent to all putative DMWO Class members;

    e. She and the DMWO Class be awarded the wages they are due, interest, penalties, liquidated damages, and attorney fees and costs of suit;

    f. She be awarded a service award in recognition of her work as representative of the DMWO Class; and

    g. She and the DMWO Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her FOURTH CLAIM, that:

    a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

    b. She be certified as the class representative of the CWCA Class;

    c. Undersigned counsel be appointed Rule 23 class counsel;

    d. Prompt notice of this litigation be sent to all putative CWCA Class members;

    e. She and the CWCA Class members be awarded the wages earned, vested and determinable wages they are due;

    f. She and the CWCA Class members be awarded statutory penalties;

    g. She and the CWCA Class members be awarded attorney fees and costs of suit;

    h. She be awarded a service award in recognition of her work as representative of the CWCA Class; and

    i. She and the CWCA Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted this 9th day of May, 2022 by:

*s/ Brandt Milstein*
**Brandt Milstein**
MILSTEIN TURNER, PLLC
2400 Broadway, Suite B
Boulder, CO 80304
303.440.8780
brandt@milsteinturner.com

*Attorney for Plaintiff*

18