## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 22-cv-01141-WJM-SKC

MELISSA GAMBOA on her own behalf
and on behalf of all others similarly situated,

    Plaintiff,

v.

KISS NUTRACEUTICALS,
KISS INDUSTRIES, LLC,
COLE EVANS and
GRANT DEAN,

    Defendants.

## PLAINTIFF'S RENEWED MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION[1]

Defendants refuse to pay their hourly workers overtime wages for overtime hours worked. Pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 216(b), Plaintiff moves the Court for an order permitting Defendants' current and former hourly employees to receive notice of this action so that they might have the opportunity to join the lawsuit and recover the overtime wages they are due.

---

[1] On September 8, 2022, per the Court's Order at ECF No. 28, counsel for Plaintiff conferred with counsel for Defendants pursuant to D.C.COLO.LCivR. 7.1(a) via telephone regarding the relief sought herein. Counsel discussed their respective positions regarding the merits of the motion and the relief sought. Defendants oppose the motion. Counsel also conferred as to the form of notice proposed by Plaintiff. Defendants agreed to address objections to the form of notice, if any, in their Response to the Motion. The September 8, 2022 telephonic conferral, coupled with Plaintiff's August 9, 2022 email message, which contained a reasoned proposal for stipulation to conditional certification, is sufficient per *Hoelzel v. First Select Corp.*, 214 F.R.D. 634 (D. Colo. 2003). Plaintiff's August 9, 2022 message is attached hereto as Exhibit 1.

Plaintiff requests that the Court:

1.  Conditionally certify this case to proceed as a "collective action" under 29 U.S.C. § 216(b) and define the class as "All hourly employees who worked on or after May 9, 2019[2] who were not paid overtime wages for overtime hours worked";

2.  Approve the Notice and Consent to Join form (attached as Exhibit 2);

3.  Order Plaintiff to deliver the Notice and Consent to Join form to all potential collective action members via first-class U.S. Mail;

4.  Order Defendants to post the Notice and Consent to Join form, in English and in Spanish, in conspicuous places in their place of business for a period of 60 days;

5.  Order Defendants to include a copy of the Notice and Consent to Join form, in English and Spanish, in two consecutive pay envelopes of all putative collective action members currently employed by Defendants;

6.  Order Defendants to produce the names, addresses and dates of employment of all potential class members within 14 days of the Court's order so that Plaintiff may disseminate the Notice and Consent to Join form in a timely fashion; and

7.  Order that the putative class members shall have 60 days from the date Plaintiff disseminates the Notice in which to opt-in to the action.

## I. The FLSA's Conditional Certification Standard

The FLSA provides that an action, like this one, brought to recover wages owed under the Act may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). At this, the "notice stage" of the proceedings, all that is required for the Court to conditionally certify an FLSA action is that

---

[2] The statute of limitations applicable to a willful violation of the FLSA is three years. 29 U.S.C. § 255. Plaintiff filed her Class and Collective Action Complaint on May 9, 2022. ECF. No. 1.

2

"plaintiffs… present substantial allegations that the putative class members were together the victims of a single decision, policy or plan" that resulted in a violation of their wage and hour rights. *Thiessen v. General Electric Capital Corp.,* 267 F.3d 1095, 1102 (10th Cir.2001), *cert. denied,* 122 S.Ct. 2614 (2002). The standard for conditional certification is lenient. *Oldershaw v. DaVita Healthcare Partners, Inc.*, 255 F. Supp. 3d 1110, 1114 (D. Colo. 2017).

Under the Tenth Circuit's low standard, courts typically grant motions for conditional certification. *Vara v. TSM Properties, LLC,* 2014 WL 4555277*1 (D. Colo. Sept. 15, 2014) ("Certification at this step is conditional, and the standard of proof is a lenient one that typically results in class certification, allowing notice to be sent to the putative class members and discovery to be undertaken.") (internal quotations and citations omitted); *Dina Abdulina* v. *Eberl's Temporary Services, Inc.*, No. 14-CV-00314-RM-NYW, 2015 WL 12550929, at *4 (D. Colo. Apr. 27, 2015) ("Courts in this jurisdiction routinely allow conditional certification in FLSA actions.").

Where the standard is met, "[T]he Court may order the defendant to provide contact information for employees that may be eligible to participate in the collective action, and may approve a form of notice to be sent to all of those individuals." *Clark v. Strad Energy Servs., USA, LTD*., 17-CV-1242-WJM-KMT, 2018 WL 3348879, at *2 (D. Colo. July 9, 2018).

At the "notice," or conditional certification stage of the proceedings, any defenses that defendants might later raise are not relevant to the Court's decision whether to order that notice of the lawsuit be sent to all potential class members. "The law in this Circuit is clear that the 'disparate factual and employment settings of the individual plaintiffs' is reserved for the second, decertification stage after the conclusion of discovery." *Garcia v. Elan Group, LLC., et al*., Case No.: 18-cv-2532-NYW, Doc. No. 35 at pp. 10-11 (D. Colo. January 30, 2019) (citing *Thiessen*,

3

267 F.3d at 1102–03 and *Boldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005)).

At this stage, all that is required is that "plaintiffs… present substantial allegations that the 'putative class members were together the victims of a single decision, policy or plan'" that resulted in a violation of their wage and hour rights. *Thiessen*, 267 F.3d at 1102; *Daugherty v. Encana Oil & Gas (USA), Inc.,* 838 F. Supp. 2d 1127, 1133 (D. Colo. 2011) ("Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying [properly under the FLSA] is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan.").

## II. FLSA Conditional Certification is Proper Here

Plaintiff demonstrates below that she pleaded substantial allegations regarding the similarly-situated status of Defendants' employees such that this Court should conditionally certify the action. In addition, Plaintiff attaches hereto her and her co-workers' declarations which confirm that Defendants had a policy of avoidance of overtime wage payments that applied to all their hourly employees. Plaintiff thus shows that Defendants' current and former employees who worked for Defendants on or after May 9, 2019 are similarly-situated for the purposes of conditional collective action certification and should be provided notice of this lawsuit so that they may have the opportunity to opt-in.

### A. *Plaintiff Pleaded Substantial Allegations that Defendants' Current and Former Employees Were Victims of Defendants' FLSA Violations.*

In her Complaint, Plaintiff pleaded substantial allegations of Defendants' company-wide violations of the FLSA. For example, Plaintiff pleaded that "Defendants employed Plaintiff and those similarly situated in Defendants' CBD product manufacturing business" and "Defendants refused to pay their employees overtime premiums for overtime hours worked." ECF No. 1 at ¶¶

4

1-2. Plaintiff also averred that "[t]hough Plaintiff and those similarly situated regularly worked more than 40 hours each workweek, and sometimes more than 12 hours per day, Defendants refused to pay them overtime wages for overtime hours worked." *Id.* at ¶ 17. Plaintiff detailed her allegations, pleading that she "worked approximately 53.17 hours during the one week pay period running from April 5, 2021 through April 11, 2021. During the one-week pay period running from May 24, 2021 through May 30, 2021, Plaintiff Gamboa worked approximately 56.42 hours. Defendants refused to pay Plaintiff overtime premiums for the hours she worked beyond 40 each workweek and 12 each workday during these and all other pay periods during her tenure of employment." *Id.* at ¶ 18. And Plaintiff alleged that "Defendants subjected all their hourly employees to the same policy and practice of failing to pay overtime premium wages for overtime hours worked." *Id.* at ¶ 19.

These allegations are sufficient for the Court to conditionally certify the collective action and order that notice be sent to potential opt-in Plaintiffs. *Lindsay v. Cutters Wireline Service, Inc. et al.,* 17-cv-01445-PAB-SKC (D. Colo. 2017) (allegations in complaint sufficient for notice to be sent to all potential class members); *Reab v. Electronics Arts, Inc.*, 214 F.R.D. 623, 628 (D. Colo. 2002) (same).

### B. *Plaintiffs' Allegations are Supported by Testimony*

Though Plaintiff pleaded sufficient allegations to require that notice be sent to all potential class members, Plaintiff also submits her declaration and the declarations of other employees of Defendants showing that Defendants refused to pay overtime wages to all their hourly employees.

Plaintiff testifies that she was employed by Defendants from approximately February 18, 2020 through approximately April 1, 2022, that she was paid hourly, that she worked in production,

5

shipping, receiving and inventory, and that neither she nor her co-workers were paid overtime wages for overtime hours worked. Ex. 3, Declaration of Melissa Gamboa, at ¶¶ 1-5.

Plaintiff states the basis for her knowledge that Defendants failed to pay overtime wages to all their hourly employees:

> I know that my employers didn't pay the other people who I worked with overtime wages because I worked with them and was aware of their hours worked and I saw their paychecks that had no overtime payments. I also talked with the people I worked with about not being paid overtime wages and they confirmed to me that they too were not paid overtime. For example, I talked with Jessica Reyes, Socorro Jimenez, Fernando Blanco, Lucrecia Velasquez, and Maria Hernandez about the overtime problem and each one told me that they weren't paid overtime for their overtime hours.
>
> I also know that Kiss didn't pay any of its employees overtime wages because I spoke with four administrators for the company who were each at some point in charge of payroll: Carmen Hernandez, Jaqueline Acuna, Itzel Sepulveda and Barbara Olvera. Each one told me that the company didn't pay overtime to any of its workers.

*Id.* at ¶¶ 6-7.

In addition, Barbara Olvera worked for Defendants as a logistics director and warehouse manager from approximately July, 2019 through approximately May, 2021 and was tasked with calculating Defendants' employees' hours worked and with cutting payroll checks. Ex. 4, Declaration of Barbara Olvera at ¶¶ 2-4. Ms. Olvera testifies that "[b]ased on my experience working at the Kiss facility and based on my work preparing payroll for the company, I am aware that the Defendants did not pay overtime wages to any of their workers. I was tasked with calculating employees' hours worked and writing the payroll checks and nobody got paid overtime." *Id.* at ¶ 4.

Opt-in Plaintiff Jackelin Lara states that she worked for Defendants from approximately May, 2021 through April, 2022, that she worked overtime in many workweeks, and that Defendants did not pay her or the other workers overtime wages for overtime hours worked. Ex.

6

5, Declaration of Jackelin Lara at ¶¶ 2-4. She describes the basis of her knowledge as to other workers' pay as follows:

> I know this because we used to show our paychecks to each other and do the calculation to figure out if they were paying us right and it was always our hours worked times our hourly rate, no overtime. I checked hours like this and talked with Soledad Soto and Maria Hernandez about the fact that they weren't paying us overtime.

*Id.* at ¶ 5.

Thus, in addition to the allegations pleaded, Plaintiff provides evidence confirming that Defendants' hourly employees are similarly situated in that they too were subject to Defendants' practice of unlawfully refusing to pay overtime wages. The evidence submitted exceeds that on which other courts in this District have based conditional certification. *Murphy v. Allstaff Med. Res., Inc.,* 16-CV-2370-WJM-MEH, 2017 WL 6945036, at *2 (D. Colo. June 13, 2017) ("Looking solely to the allegations of the complaint and the declaration of Plaintiff, this Court finds that Plaintiff has satisfied the minimal burden necessary for the conditional certification of a collective action under § 216(b)"); *Garcia v. Elan Group, LLC., et al.,* Case No.: 18-cv-2532-NYW, Doc. No. 35 (D. Colo. January 30, 2019) (granting conditional certification based solely on allegations in complaint and named Plaintiff's affidavit).

### III. The Court Should Order That Notice Be Disseminated to All Potential Opt-In Plaintiffs

Because Plaintiff has made substantial allegations that Defendants' hourly employees are all victims of Defendants' failure to pay overtime wages, the Court should order that the Notice and Consent to Join form, attached hereto as Exhibit 1, be provided to all potential opt-in plaintiffs. Notice should be so ordered because the functioning of the collective action device "depend[s] on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-LaRoche Inc.,*

7

493 U.S. at 170. Courts uniformly order that notice be sent to all potential opt-in plaintiffs where plaintiffs meet the low threshold for conditional certification. *See, e.g., Kinne,* 2013 WL 4882532*3 (D. Colo. 2013); *Gordineer,* 2013 WL 179327*4 (D. Colo. 2013); *Shockey v. Huhtamaki, Inc.,* 730 F. Supp. 2d 1298, 1308 (D. Kan. 2010); *Reab,* 214 F.R.D. at 628; *Brown,* 222 F.R.D. at 683; *Murphy* , 2017 WL 6945036, at *2 ("Obviously current or former employees cannot opt-in if they do not know about the pending action.")

Because Plaintiff's proposed Notice is complete and truthful, the Court should order that the attached Notice and Consent to Join form be sent to all potential class members by first-class U.S. mail. *Smith v. Pizza Hut, Inc*., 09-CV-01632-CMA-BNB, 2012 WL 1414325, at *7 (D. Colo. Apr. 21, 2012) ("Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary.") (citations omitted).

In addition, to ensure that potential opt-in Plaintiffs receive notice of the lawsuit, Defendants should be ordered to post copies of the attached Notice and Consent to Join form, in English and Spanish, in areas readily and routinely available for review by potential opt-ins. *See, e.g., Vara,* 2014 WL 4555277*3 (D. Colo. Sept. 15, 2014) (requiring defendants to post "copies of the Notice and Consent to Join form, in English and Spanish, at a conspicuous place in their business where all employees are likely to see the Notice and Consent to Join form."); *Sloan v. Renzenberger, Inc.*, 2011 WL 1457368, at *4 (D. Kan. Apr. 15, 2011) (requiring defendant to post approved notice on defendant's premises "in an area readily and routinely available for review by potential class members."); *Garcia v. Pancho Villa's of Huntington Village, Inc*., 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) (citing cases and requiring posting of notice at defendant's locations).

The Court should also order Defendants to include a copy of the Notice and Consent to Join form in English and Spanish in two consecutive pay envelopes of all putative class members who currently work for Defendants. *See, e.g., Vara,* 2014 WL 4555277*3 (D. Colo. Sept. 15, 2014)*; Carrillo v. Schneider Logistics, Inc.,* CV-11-8557 CAS DTBX, 2012 WL 556309 (C.D. Cal. Jan. 31, 2012) (In the context of a low-wage immigrant worker case, the court ordered defendants to include court-approved notice in current employees' pay envelopes to ensure the effectiveness of the notice.).

**IV.  The Court Should Order Defendants to Produce the Names, Addresses, and Dates of Employment of All Potential Opt-In Plaintiffs.**

To enable Plaintiff to disseminate the Notice and Consent to Join form, Plaintiff also moves the Court for an order directing Defendants to provide the names, last known addresses, and dates of employment of the potential class members. Plaintiff cannot distribute the notice to potential class members without this information. The Supreme Court in *Hoffman-LaRoche* held that "[t]he District Court was correct to permit discovery of the names and addresses of the discharged employees." 493 U.S. at 170. District courts routinely order the disclosure of the names and addresses of potential opt-in plaintiffs in conjunction with authorizing notice. *See, e.g., Murphy*, 2017 WL 6945036, at *4 (D. Colo. 2017); *Kinne,* 2013 WL 4882532*3 (D. Colo. 2013); *Shockey,* 730 F. Supp. 2d at 1308 ("[D]efendant shall have fourteen (14) days to provide a list of all employees constituting the class, with their last known addresses, phone numbers and dates of employment in an agreeable format for mailing); *Realite v. Ark Restaurants Corp*., 7 F. Supp. 2d 303, 309-10 (S.D.N.Y. 1998) (ordering defendants to provide names and addresses within a week after the date of the order); *Belcher v. Shoney's, Inc*., 927 F. Supp. 249, 252 (M.D. Tenn. 1996) (ordering defendant to disclose names and addresses within two weeks of date of order); *Schwed v. Gen. Elec. Co.,* 159 F.R.D. 373, 377-78 (N.D.N.Y. 1995) (directing defendant to furnish

9

plaintiffs' counsel with names and addresses of potential class members within fifteen days of the date of the order).

Plaintiff requests that the Court order Defendants to produce the names, addresses, and dates of employment of all Defendants' current and former hourly employees who worked on or after May 9, 2019 no later than 14 days after the date of the Court's order.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court:

1. Conditionally certify this case to proceed as a "collective action" under 29 U.S.C. § 216(b) and define the class as "All hourly employees who worked on or after May 9, 2019 who were not paid overtime wages for overtime hours worked";

2. Approve the Notice and Consent to Join form (attached as Exhibit 2);

3. Order Plaintiff to deliver the Notice and Consent to Join form to all potential collective action members via first-class U.S. Mail;

4. Order Defendants to post the Notice and Consent to Join form, in English and in Spanish, in conspicuous places in their place of business for a period of 60 days;

5. Order Defendants to include a copy of the Notice and Consent to Join form, in English and Spanish, in two consecutive pay envelopes of all putative collective action members currently employed by Defendants;

6. Order Defendants to produce the names, addresses and dates of employment of all potential class members within 14 days of the Court's order so that Plaintiff may disseminate the Notice and Consent to Join form in a timely fashion; and

7. Order that the putative class members shall have 60 days from the date Plaintiff disseminates the Notice in which to opt-in to the action.

Respectfully submitted this 8th day of September, 2022.

> s/ Brandt Milstein
> MILSTEIN TURNER, PLLC
> 2400 Broadway, Suite B
> Boulder, CO 80304
> (303) 440-8780
> brandt@milsteinturner.com
>
> *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I filed this *Motion* electronically through the CM/ECF system, which caused all parties entitled to service to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

> s/ Brandt Milstein

11