IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-1141-WJM-SKC

MELISSA GAMBOA, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

KISS NUTRACEUTICALS,
KISS INDUSTRIES, LLC,
COLE EVANS, and
GRANT DEAN,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR
CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

---

Before the Court is Plaintiff Melissa Gamboa's,[1] individually and on behalf of all others similarly situated, Renewed Motion for Conditional Collective Action Certification ("Motion"). (ECF No. 30.) Defendants Kiss Nutraceuticals, Kiss Industries, LLC, Cole Evans, and Grant Dean (collectively, "Defendants") filed a response. (ECF No. 32.) Plaintiff filed a reply. (ECF No. 33.)

For the following reasons, the Motion is granted.

**I. BACKGROUND[2]**

The Court draws the following summary from Plaintiff's First Class Action and

---

[1] The parties identify a factual issue concerning Plaintiff's name. Defendants point out that they never employed anyone named "Melissa Gamboa," and instead, Plaintiff appears in their records as "Elis Pizarro." (ECF No. 32 at 7.)

[2] Citations to (¶ __), without more, are references to the Complaint.

Collective Action Complaint for Unpaid Wages ("Complaint").  (ECF No. 1.)  The Court's summary is not meant to imply that Plaintiff's allegations are true, or even that they will have support, but is solely to provide context for their request to conditionally certify a collective action and for Defendants' opposition to that request.

The putative class and collective members are all individuals employed in Defendants' CBD product manufacturing business on or after May 9, 2019.  (¶ 1.) Plaintiff alleges that Defendants refused to pay their employees overtime premiums for overtime hours worked.  (¶ 2.)

On May 9, 2022, Plaintiff filed the Complaint against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, as amended ("FLSA"), the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 C.C.R. 1103-1, the Denver Minimum Wage Ordinance ("DMWO"), D.R.M.C. Ch. 58, § 58-16, *et seq.*, and the Colorado Wage Claim Act, Colo. Rev. Stat. §§ 8-4-101, *et seq.* ("CWCA").  (¶¶ 3–7.)  This is a class and collective action brought by Plaintiff on behalf of herself and all others similarly situated under Federal Rule of Civil Procedure 23 and under 29 U.S.C. § 216(b).

Plaintiff proposes the following class definition under the FLSA ("FLSA Collective"):

> All hourly employees who worked on or after May 9, 2019 who were not paid overtime wages for overtime hours worked.

(ECF No. 1 at 5.)

Plaintiff proposes the following class definition under the COMPS, as a Federal

2

Rule of Civil Procedure 23 class action ("COMPS Class"):

> All hourly employees who worked on or after May 9, 2016 who were not paid overtime wages for overtime hours worked.[3]

(ECF No. 1 at 5.)

Plaintiff proposes the following class definition under the DMWO, as a Federal Rule of Civil Procedure 23 class action ("DMWO Class"):

> All hourly employees who worked on or after May 9, 2019 who were not paid overtime wages for overtime hours worked.

(ECF No. 1 at 8.)

Plaintiff proposes the following class definition under the CWCA, as a Federal Rule of Civil Procedure 23 class action ("CWCA Class"):

> All separated employees who worked on or after May 9, 2019 who were not paid all earned, vested and determinable wages upon separation.

(ECF No. 1 at 10.)

## II. LEGAL STANDARD

The FLSA permits collective actions where the allegedly aggrieved employees are "similarly situated." 29 U.S.C. § 216(b). Whether employees are similarly situated is judged in two stages: a preliminary or "notice stage" (at issue here) and then a more searching, substantive stage, usually after the close of discovery. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102–03, 1105 (10th Cir. 2001). At the notice stage, a plaintiff must offer "nothing more than substantial allegations that the putative

---

[3] It is unclear to the Court whether the year 2016 is a typographical error and should be 2019. Nevertheless, 2016 is the date pled in the Complaint. (ECF No. 1 at 5.)

3

[collective action] members were together the victims of a single decision, policy, or plan." *Id*. at 1102 (internal quotation marks omitted); *see also Boldozier v. Am. Fam. Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005) (applying *Thiessen* standard). The standard for certification at this stage is a lenient one. *See Thiessen*, 267 F.3d at 1103; *Williams v. Sprint/United Mgmt. Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004).

If the plaintiff meets this standard, the Court may order the defendant to provide contact information for all employees and former employees that may be eligible to participate in the collective action, and the Court may approve a form of notice to be sent to all of those individuals. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–74 (1989). Such notice is often necessary because, unlike class actions under Federal Rule of Civil Procedure 23, collective actions under the FLSA require a party to opt in rather than opt out of the putative collective action. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Obviously, current or former employees cannot opt in if they do not know about the pending action.

## III. ANALYSIS

Plaintiff requests that the Court conditionally certify the collective action, approve their proposed form of notice, and approve their proposed notice plan. (ECF No. 30.) Defendants object to conditional certification on at least four substantive grounds, but they do not object to the proposed notice and notice plan. (ECF No. 32.)

**A.    Standing**

The FLSA gives "*employees* and their representatives the right to bring actions to

4

recover unpaid compensation due." *See Hoffman-La Roche*, 493 U.S. at 173 (emphasis added).  Defendants argue that Plaintiff does not have standing to bring an FLSA claim because she is an independent contractor, not an employee.  (ECF No. 32 at 2–4.)  The proposed class definition is "[a]ll hourly employees . . . ."  (ECF No. 1 at 5.)  Defendants point out that Plaintiff does not allege that she was misclassified as an independent contractor.  (ECF No. 32 at 4.)

As this Court has observed in similar FLSA actions, whether any putative plaintiff was an "employee" for FLSA purposes turns on the multi-factor "economic realities" test.  *Scott v. Antero Res. Corp.*, 2018 WL 11246698, at *2 (D. Colo. Feb. 26, 2018) (citing *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998)).  "Satisfying the economic realities test is a merits inquiry and far beyond the typical requirement at the conditional certification phase, which demands only 'substantial allegations that the putative [collective action] members were together the victims of a single decision, policy, or plan.'"  *Id.* (quoting *Thiessen*, 267 F.3d at 1102).

Under the *Thiessen* standard, Plaintiff has adequately alleged that all employees were subject to the same policy, namely, a "policy of avoidance of overtime wage payments that applied to all their hourly employees."  (ECF No. 30 at 4.)  Thus, conditional certification appears appropriate.

**B.     Appropriate Class Representative**

Extrapolating their standing argument, Defendants further argue that Plaintiff is not an appropriate class representative.  (ECF No. 32 at 4.)  Specifically, they argue that as an independent contractor, she is not part of the collective of "hourly employees" that she seeks to represent.  (*Id.* at 5.)

The Court also addressed this issue in *Scott*, where the defendant contended

5

that the named plaintiff might become the named representative for a class of plaintiffs of which he is not a member.  *Scott*, 2018 WL 11246698, at *3.  As in *Scott*, the Court finds Defendants' argument that Plaintiff is not an appropriate class representative unavailing at the conditional collective certification stage of the litigation.  *See id.*  To the extent that Defendants continue to treat hourly employees as it did during Plaintiff's tenure, Plaintiff's interests align completely with those of any opt-in plaintiffs.  *See id.*

Although Defendants argue that "[u]nless and until the Court determines that Plaintiff was misclassified as an independent contractor and should have been classified as an employee entitled to overtime . . . she has no claim under the FLSA and she cannot be a member of the same collective as the hourly employees she seeks to represent," the Court finds that this argument is premature.  (ECF No. 32 at 5.)  Later in the litigation, the Court will likely address whether Plaintiff is an independent contractor or an employee of Defendants—but not at the conditional collective certification stage. While it may be "permissible" to perform a merits inquiry as to whether Plaintiff is an employee or an independent contractor at the conditional certification stage, Defendants offer no binding case law requiring as much.  (*Id.* at 6.)

Even Plaintiff's attorney concedes that Plaintiff did not plead an independent contractor misclassification case because "neither Plaintiff nor any other employee or administrator interviewed by counsel prior to the filing of this action had ever heard anything about these employees being classified as independent contractors[.]"  (ECF No. 33 at 3 n.1.)  Nonetheless, Plaintiff's attorney anticipates "taking fulsome discovery regarding Defendants' proposed independent contractor defense and will marshal evidence to rebut the defense at the decertification and/or merits stage of the

6

proceedings." (*Id.* at 3.)

Additionally, to the extent Defendants argue that Plaintiff is not an appropriate class representative based on her use of an assumed name and therefore her inconclusive employment with Defendants, the Court finds that this argument also is more appropriately raised later in the litigation. The undersigned has explained in other FLSA actions that "it is well established that the protections of the Fair Labor Standards Act are applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant." *Reyes v. Snowcap Creamery, Inc.*, 898 F. Supp. 2d 1233, 1235 (D. Colo. 2012) (quoting *In re Reyes*, 814 F.2d 168, 170 (5th Cir.1987)). Further, "[c]ourts have also denied discovery requests related to a plaintiff's immigration status because of the *in terrorem* effect that discovery into such issues would have on litigants." *Id.*

Here, Defendants do not assert that they are seeking or will seek discovery related to Plaintiff's immigration status. Rather, they merely argue that they "cannot confirm that Plaintiff ever worked for Defendants in any capacity" because they "did not employ, engage, contract, or work with anyone named 'Melissa Gamboa[.]'" (ECF No. 32 at 7.) They further explain that they have been "unable to confirm that Plaintiff is, indeed, the same person as 'Elis Pizarro,'" Pizarro never gave Defendants any identifying documentation with the name Melissa Gamboa, and "around the time her contract with Defendants terminated, Pizarro . . . stole most documentation evidencing her relationship with Defendants." (*Id.*) All of these issues will be explored in discovery, and Defendants may make an appropriate motion later in the case to the extent they believe it necessary to do so.

7

While Plaintiff does not currently appear to be a model class representative, that is not what the law requires. Therefore, at this early stage of the litigation, the Court finds that based on the pleadings, Plaintiff is an appropriate class representative.

**C.      Illegal Class-Wide Decision, Policy, or Plan**

Defendants argue that the Court should deny the Motion because Plaintiff failed to provide "admissible or probative evidence that there was any uniform overtime policy applicable to all hourly employees." (ECF No. 32 at 7.) Further, Defendants suggest that the hearsay statements of workers made in their declarations "offer no basis that all of Defendants' non-exempt, hourly employees have been subjected to the same policy and experienced the same alleged disadvantage as Plaintiff." (*Id.* at 8.) They also argue that "Plaintiff's further assertions regarding personal knowledge that employees were not paid overtime are similarly deficient," as she "fails to identify the individuals or assert any facts suggesting that these were non-exempt employees who were paid hourly." (*Id.* at 9.)

Despite Defendants' arguments, the Court returns to *Thiessen*'s directive that "a court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." 267 F.3d at 1102. Plaintiff has sufficiently alleged in her Complaint that "Defendants subjected all their hourly employees to the same policy and practice of failing to pay overtime wages for overtime hours worked." (¶ 19.) Her allegations, together with her co-workers' declarations asserting that Defendants had a policy of avoidance of overtime wage payments applied to all their hourly employees, are sufficient at the notice stage. (ECF No. 30-3–30-5; *see Lindsay v. Cutters Wireline Serv., Inc.*, 2018 WL 4075877, at *2 (D. Colo. Aug. 27, 2018) (allegations in complaint sufficient for notice to be sent to all

potential class members); *Arfsten v. Cutters Wireline Serv., Inc.*, 2017 WL 2400489, at *1 (D. Colo. May 26, 2017) (finding allegations that employees "were subject to the same compensation policies concerning the payment of overtime" were sufficient to show substantial similarity).)

**D.     Similarly Situated**

Finally, Defendants argue that the Motion should be denied because Plaintiff has not clearly defined the class.  (ECF No. 32 at 9.)  Specifically, Defendants argue that Plaintiff "has not provided any details of her position or the positions she believes should be part of the collective, let alone the job titles of such positions[.]"  (*Id.* at 10.)  As such, Defendants and the Court must "guess as to who may be included."  (*Id.*)

While the Court acknowledges that the class definition is bare-bones, the Court concludes that it passes statutory muster—but just barely.  The class is broadly defined and includes any hourly employee employed by Defendants.  It will be Plaintiff's burden to sufficiently address what will surely be a vigorous attack by Defendants at the motion to decertify stage.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Renewed Motion for Conditional Collective Action Certification (ECF No. 30) is GRANTED;
2. The Court CONDITIONALLY CERTIFIES this case to proceed as a "collective action" under 29 U.S.C. § 216(b) and defines the class as "All hourly employees who worked on or after May 9, 2019 who were not paid overtime wages for overtime hours worked";
3. The Court APPROVES the Notice and Consent to Join form (ECF No. 30-2);

9

4. Plaintiff is DIRECTED to deliver the Notice and Consent to Join form to all potential collective action members via first-class U.S. Mail;

5. Defendants are DIRECTED to post the Notice and Consent to Join form, in English and in Spanish, in conspicuous places in their place of business for a period of **60 days**;

6. Defendants are DIRECTED to include a copy of the Notice and Consent to Join form, in English and Spanish, in two consecutive pay envelopes of all putative collective action members currently employed by Defendants;

7. Defendants are DIRECTED to produce the names, addresses and dates of employment of all potential class members by **no later than August 18, 2023** so that Plaintiff may disseminate the Notice and Consent to Join form in a timely fashion; and

8. The putative class members shall have **60 days** from the date Plaintiff disseminates the Notice in which to opt-in to the action.

Dated this 4th day of August, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge