IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 22-cv-01141-WJM-JPO

MELISSA GAMBOA on her own behalf
and on behalf of all others similarly situated, *et. al.*

Plaintiffs,

v.

KISS NUTRACEUTICALS, *et. al.*

Defendants.

**PLAINTIFF'S SUPPLEMENTAL MOTION FOR APPROVAL OF NOTICE PLAN**

Plaintiff respectfully submits the following supplemental motion as directed by the Court's Order certifying this case as a class action, appointing the Plaintiff as class representative and the undersigned as class counsel.  ECF# 143 pgs. 38-39.  For the reasons set forth below, the Court should approve Plaintiff's plan for distribution of the Class Notice previously submitted as ECF# 116-14.[1]

**I.      Introduction**

This matter arises from Defendants' employment of the Plaintiff class as production, inventory and shipping workers in their Denver nutritional product manufacturing plant.  This

---

[1] Both Corporate Defendants are currently *pro se*.  Undersigned counsel certifies in compliance with D.C. COLO. LCivR 7.1(A) that he has sought to confer with individual Defendants Cole Evans (who is the Registered Agent of both Corporate Defendants) and Grant Dean regarding this motion *via* email.  Undersigned counsel has not received a reply and is presently unaware of Defendants' positions regarding this motion.

case challenges the Defendants' classification of all class members of the certified class as independent contractors exempt from overtime wage entitlements. By Order dated April 2, 2025, the Court certified the state and local law claims of the Plaintiff class defined as:

> All production, inventory and shipping workers who worked overtime hours and who were not paid overtime wages between May 9, 2019 and the present.

ECF# 143 pg. 49. Plaintiff filed a proposed class notice with her Renewed Motion for Class Certification, but did not detail a plan for its distribution. ECF# 116-14. Plaintiff supplements that submission with the following plan.

**II.    Proposed Notice Plan**

1. **Update of Class List Addresses.** The certified class runs through the present. In August of 2023, Defendants provided a list of class members to facilitate the distribution of opt-in notice regarding Plaintiff's claim under the Fair Labor Standards Act.[2] ECF# 52 pg. 10 ¶7. Twenty months having passed since that time, Defendants should be Ordered to update their prior list of class member names and addresses with all production, inventory and shipping workers who have worked for them at any time since August 18, 2023. Defendants should provide Plaintiffs with the last known names, addresses and telephone numbers of such workers at least fourteen (14) days prior to the deadline to mail notice.

---

[2] The alleged class period begins three years before filing and therefore dovetails with the FLSA statute of limitations. The only supplement required is that concerning new workers who began work after August 18, 2023.

2

2. **Distribution of Notice in Spanish.** Plaintiff proposes to secure and file a certified Spanish translation of her proposed Class Notice and Opt-Out Form (ECF# 116-14) and to distribute that notice in Spanish only. Class counsel has been in contact with over thirty members of the class. All have spoken Spanish. Very few have spoken English. Every one of the 256 surnames in the class list produced to date has been a Spanish surname. Distribution in English would appear to be duplicative and wasteful. Should the Court so direct, however, Plaintiff will distribute and publish notice in both English and Spanish.

3. **Appointment of Class Administrator.** Plaintiff requests that the Court appoint the firm of Optime Administration, LLC as class administrator, to supervise and administer the notice program and processing of any exclusion requests received. The Court has appointed Optime Administration to work with Class counsel in previous cases. *See e.g., Román v. Morconava Group, LLC*, 22-cv-0907-WJM-SBP, ECF# 70 pg. 4 ¶8. Optime Administration successfully distributed the opt-in FLSA collective action notice earlier in this case.

4. **Distribution by Postal Mail.** Plaintiff proposes that the class administrator distribute the class notice the Court approves via postal mail to the addresses Defendant has provided. The Court should set a date by which mailing must occur. That date should be at least fourteen (14) days after Defendants provide updated addresses and sixty (60) days before the deadline for opt-out exclusion requests.

5. **Procedure where Postal Delivery is Unsuccessful.** Where postal delivery is unsuccessful, Plaintiff proposes to adopt the protocol the Court prescribed in *Román v. Morconava Group, LLC*, 22-cv-0907-WJM-SBP, ECF# 70 pg. 4-5 ¶12. Class Notices that are returned by the United States Postal Service ("USPS") as undeliverable will be reviewed for updated addresses and, where available, new addresses will be entered into the Class Administrator's database and Class Notices will be mailed to the updated addresses. The Class Administrator shall immediately re-mail any returned undelivered mail for which USPS has provided a forwarding address. The Class Administrator shall attempt to locate anyone whose Class Notice has been returned by USPS as undeliverable (and an updated address was not provided) by conducting a National Change of Address ("NCOA") search, given that the NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. Addresses found through NCOA searches will also be certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses. Where an updated address was not available through a NCOA search, the Settlement Administrator shall conduct a search in a people finding database such as DelvePoint or conduct a comparably rigorous supplemental search for persons whose Class Notice is returned as undeliverable. These search efforts shall be undertaken as soon as practicable.

4

6. **Publication on Class Administrator's Website.** Plaintiff proposes that on or before the deadline for postal mailing, the Class Administrator will publish a copy of the approved Class Notice and Opt-Out Form on its website.

7. **Notice by Publication.** The Class Administrator shall cause a classified advertisement containing the URL address to the Class Notice, as posted on the Class Administrator's website, to be published in three consecutive print editions of *El Comercio de Colorado* during the exclusion period.

8. **Notice by Text Message.** Plaintiff proposes that, where the telephone numbers of class members are produced or otherwise known, the Class Administrator will send notice via text message in the following format. The text message shall read (in Spanish) "The U.S. District Court for the District of Colorado has certified a class action lawsuit concerning overtime wages due to individuals who worked at Kiss Nutraceuticals. You have been identified as a person entitled to participate in that action. Please follow this link to review the Court's approved explanation of the case and your rights." The link provided will direct the user to the copy of the approved Class Notice posted on the Class Administrator's website.

9. **Time Limit and Procedure for Exclusion.** Plaintiff proposes that the Court establish a sixty (60) day opt-out period in which class members may express their desire to be excluded from this case. This sixty (60) day period would match that which the Court approved for individuals to opt-in to the FLSA collective action in

5

this case. ECF# 52 pg. 10 ¶5. The exclusion deadline should be set sixty (60) days after the deadline for mailing and publishing notice. Exclusion requests must be sent to the Class Administrator by postal mail, FAX or Email:

> Kiss Nutraceuticals Lawsuit
> c/o Optime Administration, LLC
> PO Box 3206
> Brockton, MA. 02304
> FAX:  (781) 287-0381
> Email:  KissNutraceuticalsLawsuit@optimeadmin.com

Exclusion requests must be postmarked (or set via Fax or email) on or before the exclusion deadline date the Court establishes.

**III.    Argument**

    **A.  The Proposed Notice Satisfies Fed. R. Civ. P. 23(c)(2)(B).**

Plaintiff's proposed notice submitted as ECF# 116-14 satisfies the requirements of Rule 23. Notice issued to a Rule 23(b)(3) class like the one certified here must clearly and concisely state:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Plaintiff's proposed notice explains the nature of the action. ECF# 116-14 pgs. 1-2 at ¶2. The proposed notice states the class definition. *Id* pg. 1. Plaintiff's proposed notice explains the class claims and defenses. *Id* pgs. 1-2 ¶2. It advises that a class member may enter an appearance through an attorney if desired. *Id* pgs. 2-3 at ¶5. The proposed notice explains the right to exclusion and the timing and manner to request exclusion. *Id* pgs. 3-6. It explains the binding effect of a class judgment. *Id* pg. 2 ¶4. Plaintiff's proposed Class Notice should be approved.

### B. The Proposed Notice Plan Satisfies Due Process.

The proposed notice plan described above should be approved. "The legal standards for satisfying Rule 23(c)(2)(B) and the constitutional guarantee of procedural due process are coextensive and substantially similar." *DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005). "Notice need not be perfect" nor received by every class member but need only be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort, in order to meet the requirements of Fed. R. Civ. P. 23(c), (e) and (h), and due process." *Guevoura Fund Ltd. v. Sillerman*, 1:15-CV-07192-CM, 2019 WL 6889901, at *11–12 (S.D.N.Y. Dec. 18, 2019)(internal citations omitted). "With regard to all challenges to notice, a critical point is that neither Rule 23 nor the Constitution requires that a class member actually receive notice: notice suffices if it is reasonably calculated to reach the absent parties." William B. Rubenstein et al., *Newberg on Class Actions*, § 8:36 (5th Ed. 2013). The plan set forth above is reasonably calculated to reach the absent parties and should be approved.

IV. **Conclusion**

For the reasons set forth above, the Court should Grant this motion and enter an Order:

1. Approving the form and content of Plaintiff's proposed notice (ECF# 116-14);
2. Appointing Optime Administration, LLC to serve as Class Administrator;
3. Approving the Notice Plan above;
4. Requiring Defendants to provide Class Counsel with last known names, addresses and telephone numbers of all class members at least fourteen (14) days prior to the deadline to mail notice;
5. Permitting distribution of Class Notice in Spanish;
6. Establishing a deadline to send notice by mail and text message at least fourteen (14) days after Defendants provide updated addresses and sixty (60) days before the deadline for opt-out exclusion requests;
7. Establishing a deadline for opt-out exclusion requests on the sixtieth day after the deadline to send notice; and
8. Ordering publication of a link to the approved Class Notice in three consecutive print editions of *El Comercio de Colorado* during the exclusion period.

Respectfully Submitted,

*/s/ Andrew H. Turner*
Andrew H. Turner
Brandt P. Milstein
MILSTEIN TURNER, PLLC
2400 Broadway - Suite B
Boulder, CO 80304
Telephone: (303) 305-8230
Email: andrew@milsteinturner.com
brandt@milsteinturner.com

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document on Defendants by electronically filing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to all parties *via* e-mail.

I further certify that I have served the foregoing document on the following Defendants by 1st Class U.S. Mail, postage prepaid to:

Kiss Nutraceuticals, LLC
c/o Cole T. Evans
Registered Agent
5151 Bannock St Ste 8
Denver, CO 80216

Kiss Industries, LLC
c/o Cole Evans
Registered Agent
3222 E. 1st Avenue #329
Denver, CO. 80206

Cole Evans
5151 Bannock St Ste 8
Denver, CO 80216

9

Grant Dean
6566 Edge View Rd
Castle Pines, CO 80108

This 14th day of April, 2025,

*/s/Andrew H. Turner*
Andrew H. Turner
*Class Counsel*

10